**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2121-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GORDON FULLER,

     Defendant-Appellant.

_____

         Argued May 22, 2019 – Decided June 12, 2019

         Before Judges Alvarez and Reisner.

         On appeal from Superior Court of New Jersey, Law Division, Morris County, Summons No. 11-11-0133.

         Alan L. Zegas argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas and Joshua M. Nahum, on the briefs).

         Valeria Dominguez, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Valeria Dominguez, of counsel and on the brief).

PER CURIAM

Gordon Fuller filed an appeal from his conviction for second-degree insurance fraud, N.J.S.A. 2C:21-4.6(b) and 2C:2-6(a), and related offenses. On the appeal, his attorney raises the following issues:

> I. THE TRIAL COURT ERRED BY FAILING TO GRANT A NEW TRIAL BECAUSE THE JURY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.
>
> II. THE TRIAL COURT ERRED BY PERMITTING INADMISSIBLE HEARSAY TESTIMONY REGARDING THE IMPETUS FOR THE CRIMINAL INVESTIGATION.
>
> III. THE TRIAL COURT ERRED BY PERMITTING DETECTIVE BEHAR TO TESTIFY TO THE ULTIMATE CONCLUSIONS IN THE CASE.
>
> IV. THE TRIAL COURT ERRED BY ALLOWING INTO EVIDENCE TESTIMONY REGARDING A PARALLEL STATE INVESTIGATION PREJUDICIAL TO MR. FULLER.

We dismiss the appeal as moot because defendant died while the appeal was pending, and none of the issues presented on appeal are novel, present an important public interest issue, or involve trial errors that cut mortally into defendant's right to a fair trial.

In State v. Gartland, the Supreme Court emphasized that "[t]he power to entertain a criminal appeal even after death should be sparingly exercised." 149

2

N.J. 456, 465 (1997). However, "[o]ur courts will entertain a case that has become moot when the issue is of significant public importance and is likely to recur." Id. at 464.

In Gartland, the defendant was a victim of domestic violence and was convicted of reckless manslaughter after killing her abuser in alleged self-defense. Id. at 460-62. Recognizing the Legislature's commitment to eradicate domestic violence and gun violence, the Court reasoned that "[t]o the extent that this decision addresses concerns in this area, it is worth the judicial effort." Id. at 465. In other words, the case involved novel issues of public importance and, therefore, the appeal warranted consideration although the defendant had passed away. The Court also indicated that where a defendant has passed away pending appeal, a conviction should not be overturned unless there was "a fundamental miscarriage of justice" in the form of trial errors so fundamental that they "cut mortally" into a defendant's right to a fair trial. Ibid.

In this case, defendant's appeal raises no novel legal issue or any other issue of significant public importance. Moreover, having reviewed the trial transcripts to be sure that there were no such issues, we found no miscarriage of justice in the conviction. There were no trial errors that would warrant reversing defendant's conviction because they cut mortally into his right to a fair trial. To

A-2121-17T4

the contrary, based on our review of the record, the evidentiary issues defendant raises are without merit, and the conviction was not against the weight of the evidence.

As an intermediate appellate court, we are bound to follow Gartland and have no authority to "reconsider" the case, as defendant urges we should do. Nor can we accept defendant's invitation to follow the "American rule," requiring vacation of a deceased appellant's conviction, an approach Gartland implicitly rejected. See id. at 464-66. Accordingly, we dismiss the appeal.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2121-17T4